**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**LMC INDUSTRIAL CONTRACTORS, INC.,**

                    **Plaintiff,**

          **v.**                                     **5:20-CV-677**
                                                    **(FJS/ATB)**

**DOMINION ENERGY TRANSMISSION, INC.,**
**f/k/a DOMINION TRANSMISSION, INC.,**

                    **Defendant.**

_____

**APPEARANCES**                            **OF COUNSEL**

**ERNSTROM & DRESTE, LLP**         **BRIAN STREICHER, ESQ.**
925 Clinton Square                 **MARTHA A. CONNOLLY, ESQ.**
Rochester, New York 14604
Attorneys for Plaintiff

**STEPTOE & JOHNSON PLLC**       **BRIAN J. PULITO, ESQ.**
201 Chestnut Street, Suite 200     **NATHANIEL I. HOLLAND, ESQ.**
Meadville, Pennsylvania 16335
Attorneys for Defendant

**MCGIVNEY KLUGER CLARK**      **MEAGAN E. DEAN, ESQ.**
**& INTOCCIA, P.C.**
100 Madison Street, Suite 1640
Syracuse, New York 13202
Attorneys for Defendant

**SCULLIN, Senior Judge**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

    In April and September 2016, Plaintiff and Defendant entered into six construction

contracts for Plaintiff to construct six natural gas compressor stations in Central and Western

New York.  _See_ Dkt. No. 1.  On June 16, 2020, Plaintiff filed a complaint against Defendant

seeking declaratory judgments that (1) Defendant waived, released, and discharged it from any

obligation to re-perform work that it already satisfactorily completed in the March 7, 2018 settlement agreement that they entered; (2) it substantially performed its obligations under the six contracts that it entered into with Defendant and is not in material breach of any warranties or covenants in the contracts; (3) any ambiguities in the six contracts that it entered into with Defendant must be construed in its favor such that the contracts did not require it to complete Form documents in the manner that Defendant demands; and (4) Defendant has waived its right, through its course of dealing and course of performance, to require Plaintiff to re-perform the work that it already satisfactorily completed. *See id.*

On July 20, 2020, Defendant filed a motion to dismiss Plaintiff's complaint, pursuant to Rules 12(b)(3) and 12(b)(6) of the Federal Rules of Civil Procedure, based on a forum selection clause in certain contracts between the parties and a motion to strike Plaintiff's demand for a jury trial, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, based on a waiver of the right to a jury trial in certain contracts between the parties. *See* Dkt. No. 9. These motions are currently pending before the Court.

## II. DISCUSSION

### A.  Standard of review

It is well-established that a party may enforce a forum selection clause through a Rule 12(b) motion to dismiss. *See Tradecomet.com LLC v. Google, Inc.*, 647 F.3d 472, 475 (2d Cir. 2011) (citations omitted). "[H]owever, . . . neither the Supreme Court, nor [the Second Circuit], has 'specifically designated a single clause of Rule 12(b)'–or an alternative vehicle– 'as the proper procedural mechanism to request dismissal of a suit based upon a valid forum selection

clause.'" *Id.* (quoting *Asoma Corp. v. SK Shipping Co., Ltd.*, 467 F.3d 817, 822 (2d Cir. 2006) (internal quotation marks omitted)) (other citations omitted).  Accordingly, Rule 12(b)(6) is a proper mechanism to enforce a forum selection clause.[1]  *See id.* (noting that it has affirmed judgments enforcing forum selection clauses through dismissal under Rule 12(b)(6) (citation omitted)).

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must accept the material facts alleged in the complaint as true and draw all reasonable inferences in the plaintiff's favor.  *See Interpharm, Inc. v. Wells Fargo Bank, Nat'l Ass'n*, 655 F.3d 136, 141 (2d Cir. 2011) (citation omitted).  However, the court is not required to credit legal conclusions, bare assertions, or conclusory allegations.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-81 (2009) (citations omitted).  As such, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting [*Twombly*, 550 U.S.] at 570, 127 S. Ct. 1955).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing [*Twombly*, 550 U.S.] at 556, 127 S. Ct. 1955).  Therefore, under this standard, a plaintiff must support his claims with sufficient factual allegations to show "more

---

[1] Although prior Second Circuit case law indicates that Rule 12(b)(3) is a proper mechanism to enforce a forum selection clause, *see TradeComet.com LLC*, 647 F.3d at 475, the Supreme Court has stated that it is not a proper mechanism where venue is otherwise proper, *see Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 61 (2013) (holding that "§ 1406(a) and Rule 12(b)(3) are not proper mechanisms to enforce a forum selection clause"); *Ortho-Clinical Diagnostics, Inc. v. Mazuma Cap. Corp.*, No. 18-CV-6416 CJS, 2019 WL 1082987, *4 (W.D.N.Y. Mar. 7, 2019) (noting that the *Atlantic Marine* Court clarified that Rule 12(b)(3) is not an appropriate method to enforce a forum selection clause when venue is otherwise proper).  Therefore, the Court will analyze Defendant's motion as if it only moved pursuant to Rule 12(b)(6).

than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation omitted). Thus, if the plaintiff has not "'nudged his claims' . . . 'across the line from conceivable to plausible,'" the court must dismiss the complaint. *Id.* at 680 (quoting [*Twombly*, 550 U.S. at 570]).


**B.  Defendant's motion to dismiss**

Plaintiff argues that the forum selection clause does not apply to the three contracts that contain the Virginia forum selection clause (the "Virginia Contracts") because New York General Business Law ("G.B.L.") § 757(1) renders it void and unenforceable.  G.B.L. § 757(1) states that

> [t]he following provisions of construction contracts shall be void and unenforceable: (1) A provision, covenant, clause or understanding in, collateral to or affecting a construction contract, with the exception of a contract with a material supplier, that makes the contract subject to the laws of another state or that requires any litigation, arbitration or other dispute resolution proceeding arising from the contract to be conducted in another state.

N.Y. G.B.L. § 757(1).  Under the G.B.L., a "construction contract" is

> a written or oral agreement for the construction, reconstruction, alteration, maintenance, moving or demolition of any building, structure or improvement, or relating to the excavation of or other development or improvement to land, and where the aggregate cost of the construction project including all labor, services, materials and equipment to be furnished, equals or exceeds one hundred fifty thousand dollars.

N.Y. G.B.L. § 756(1).  Additionally, a "material supplier" is defined as "any person, firm, partnership, corporation, company, association, or other organization or entity . . . which is party to a contract with an owner, contractor or subcontractor, for the provision of construction

materials and/or equipment necessary to the completion of a construction contract."  N.Y. G.B.L. § 756(5).

Here, the Contracts, which include the Virginia Contracts, are construction contracts, as defined under the G.B.L., because they were for "the construction . . . of [a] . . . structure or improvement . . . relating to the excavation of or other development or improvement of land" in that they called for Plaintiff to construct "natural gas compressor stations in central and western New York."  *See* Dkt. No. 1 at ¶¶ 7-8.  Additionally, the total cost of the construction project exceeds $150,000.  *See* Dkt. No. 14-2 at 48.

Defendant argues that Plaintiff is a "material supplier," which renders G.B.L. § 757(1) inapplicable, because the Virginia Contracts call for Plaintiff, as the contractor, to provide "all necessary supplies, Materials and Equipment, and all necessary supervision, labor and services required for the engineering, procurement, quality assurance and inspection, construction, installation, and Commissioning of the Project[.]"  *See* Dkt. No. 18 at 5.  Defendant is correct that Plaintiff agreed to provide "all necessary supplies, materials and Equipment . . . ;" however, it also agreed to provide "all necessary supervision, labor and services required for the engineering, procurement, quality assurance and inspection, construction, installation, and Commissioning of the Project[.]"  *Id.*  Notably, "[c]ourts have held that a contractor is not merely a 'material supplier' if it assumes the performance of some part of the work."  *King C Ironwork, Inc. v. Burdg, Dunham & Assocs. Constr. Corp.*, No. 150710/14, 2014 WL 1789289, *2 (N.Y. Sup. Ct. May 1, 2014) (citations omitted).  As such, Plaintiff is not a "material supplier" under G.B.L. §§ 756, 757(1) because, in addition to providing supplies and materials, its role in the Virginia Contracts includes providing labor and services that were required for, among other things, the engineering, construction, inspection, and installation of the Project.  *Compare*

*Zeppelin Sys. USA, Inc. v. Pyrolyx USA Indiana, LLC*, No. 19-cv-11222, 2020 WL 1082774, *4 (S.D.N.Y. Mar. 5, 2020) (holding that the plaintiff was a material supplier under G.B.L. § 757(1) where the parties' agreement explicitly limited the plaintiff's duties to delivering equipment and excluded "all other engineering services, installation, and other scopes of trade work"), *with HVS, LLC v. Fortney & Weygandt, Inc.*, 17 N.Y.S.3d 285, 285-86 (N.Y. Sup. Ct. 2015) (finding that the plaintiff, an electrical contracting company, was "a subcontractor and not merely a material supplier" under G.B.L. § 757(1) where it "agreed to furnish all labor and material necessary to complete the electrical scope of work on the project"), *and King C Ironwork, Inc.*, 2014 WL 1789289, at *2-*3 (finding that the plaintiff was a subcontractor, as opposed to a "material supplier," because, in addition to furnishing materials and equipment, it was required to furnish all labor required for the project, which included fabricating and installing steel). Therefore, G.B.L. § 757(1) applies to the Virginia Contracts and renders the forum selection clause in the Virginia Contracts void and unenforceable.

Accordingly, the Court denies Defendant's motion to dismiss Plaintiff's complaint.[2]

---

[2] Even if the Court had found that G.B.L § 757(1) did not apply to the Virginia Contracts, it would still have denied Defendant's motion to dismiss based on its conclusion that, under New York's rules of contract interpretation, the forum selection clause is unambiguously permissive in that the parties "may," but are not required to, bring actions pertaining to the contracts in the Commonwealth of Virginia. Only upon a party filing an action in the Eastern District of Virginia or a state court in Chesterfield County, Virginia would the "exclusive jurisdiction" proviso apply.

**C.  Defendant's motion to strike**

In light of Plaintiff's failure to oppose Defendant's motion to strike its demand for a jury trial, and the presence of a waiver of jury trial in each of the six contracts between the parties, the Court grants Defendant's motion to strike Plaintiff's demand for a jury trial.


**III. CONCLUSION**

After carefully reviewing the entire file in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant's motion to dismiss Plaintiff's complaint, *see* Dkt. No. 9, is **DENIED**; and the Court further

**ORDERS** that Defendant's motion to strike Plaintiff's demand for a jury trial, *see* Dkt. No. 9, is **GRANTED**; and the Court further

**ORDERS** that this case is referred to Magistrate Judge Baxter for all further pretrial matters.

**IT IS SO ORDERED.**

Dated: August 24, 2021
      Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge

- 7 -